SEAN P. FLYNN (SBN: 15408)
**GORDON REES SCULLY MANSUKHANI, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
Telephone: (702) 577-9317
Email: sflynn@grsm.com

Attorneys for Defendant
HEALTHCARE REVENUE RECOVERY GROUP, LLC

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHANE CARLSON, <br><br>                    Plaintiff, <br><br> vs. <br><br> HEALTHCARE REVENUE RECOVERY GROUP, LLC <br><br>                    Defendant. | CASE NO.  2:21-cv-01273-JAD-EJY <br><br> **DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP 'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC ("Defendant") by and through their attorneys of the law firm GORDON REES SCULLY MANSUKHANI, LLP answers the Complaint filed by Plaintiff SHANE CARLSON ("Plaintiff") as follows:

## INTRODUCTION

1. This paragraph contains no allegations against the Defendant, and as such, no response is required.

2. Admitted in part, denied in part. Defendant admits that the Plaintiff purports to have brought this action against the Defendant alleging violations of the law, however, the Defendant denies that it has violated the law in any capacity. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or

information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

3. Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

4. Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

5. Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

6. Defendant denies having violated the law. Moreover, even if it could be proven that Defendant violated the law, which Defendant expressly contests, the Defendant maintains policies and procedures that exculpate creditors and collection agencies in the event of a bona fide error. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

**JURISDICTION AND VENUE**

7. Defendant does not contest jurisdiction.

8. Admitted in part, denied in part. Defendant admits that the Plaintiff has alleged that it has violated the FDCPA, however, the Defendant expressly denies having violated the FDCPA or any other law. Defendant neither admits nor denies the remaining allegations

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

9. Admitted in part, denied in part. Defendant admits that it is registered to transact business within the state of Nevada. The remaining allegations in this paragraph constitute conclusions of law, and they are denied as such. Defendant refers all questions of law to the court.

10. Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

## **PARTIES**

11. Admitted, in part. Upon information and belief, Defendant admits that the Plaintiff is a natural person. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

12. Admitted in part, denied in part. Defendant admits that an account owed by Plaintiff was placed with Defendant. The remaining allegations in this paragraph constitute conclusions of law, and they are denied as such. Defendant refers all questions of law to the court.

13. Admitted in part, denied in part. Defendant admits that, from time to time, it acts as a "debt collection agency" as that phrase is defined by the Fair Debt Collection Practices Act. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

14. Admitted in part, denied in part. Defendant admits that, from time to time, it uses "an instrumentality of interstate commerce" in its operations. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

15. Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

16. Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

**FACTUAL ALLEGATIONS**

17. Defendant denies that Plaintiff will be able to obtain any information to "bolster" or "enhance" his claims in this matter by virtue of the fact that the Defendant did not violate the law. Further responding, Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of those allegations, except to deny any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

18. Defendant denies that the account described by Plaintiff was placed with it. Defendant denies any wrongdoing of any kind at any point in time as it relates to the Plaintiff and this Complaint, including any amendments thereto.

19. The allegations in this paragraph constitute conclusions of law, and they are denied as such. Defendant refers all questions of law to the court.

20. The allegations in this paragraph constitute conclusions of law, and they are denied as such. Defendant refers all questions of law to the court.

21. Defendant denies the account described by plaintiff was placed with it.

22. Denied.

23. Denied.

24. Denied. .

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## RESPONSE DENYING PLAINTIFF'S CLAIM FOR DAMAGES

30. Denied.

## RESPONSE TO FIRST CAUSE OF ACTION FAIR DEBT COLLECTION PRACTICE ACT 15 U.S.C. § 1692 ET SEQ.

31. Defendant incorporates its preceding answers as if set forth fully herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## PRAYER FOR RELIEF

38. Defendant denies that Plaintiff is entitled to damages under any theory of law.

## JURY DEMAND

39. Defendant admits that Plaintiff purports to demand trial by jury. Defendant relies upon Plaintiff's demand and hereby also demands a jury trial.

## **AFFIRMATIVE DEFENSES**

1. Any allegation not specifically admitted in the Defendant's Answer is denied.
2. Defendant asserts, without admitting any liability whatsoever, that any violation of federal or state law was unintentional and the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error pursuant to 15 U.S.C. § 1692k(c).
3. Defendant asserts, without admitting any liability whatsoever, that Plaintiff lacks standing as Plaintiff has suffered no injury-in-fact as the result of any act or omission by Defendant.
4. Defendant asserts, without admitting any liability whatsoever, that Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate.
5. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.
6. Defendant asserts that Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of consent, estoppel, waiver, unclean hands, laches or other equitable doctrines.
7. Defendant asserts that the Plaintiff has failed to state a claim against it upon which relief can be granted.
8. Defendant asserts that some or all of Plaintiff's claims may be barred by the statute of limitations.
9. Plaintiff has not performed all required conditions precedent prior to bringing this lawsuit.
10. Plaintiff has failed to state a claim for which relief can be granted.
11. Defendant reserves the right to amend these defenses as provided for under the court rules.

## **PRAYER FOR RELIEF**

HEALTHCARE REVENUE RECOVERY GROUP prays for the following:

1. That Plaintiff take nothing by way of his complaint;

2. That HEALTHCARE REVENUE RECOVERY GROUP. be dismissed in its entirety with prejudice;

3. That judgment be entered in favor of HEALTHCARE REVENUE RECOVERY GROUP;

4. For attorneys' fees and costs of defending this action; and

5. For such other and further relief as this Court deems just and proper.

Dated: September 7, 2021

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/Sean P. Flynn*
Sean P. Flynn
Attorneys for Defendant
HEALTHCARE REVENUE RECOVERY GROUP, LLC